1  **GLUCK LAW FIRM P.C.**
   Jeffrey S. Gluck (SBN 304555)
2  2125 S. Beverly Drive
   Los Angeles, California 90034
3  Telephone: 310.776.7413

4  **ERIKSON LAW GROUP**
   David Alden Erikson (SBN 189838)
5  Antoinette Waller (SBN 152895)
   200 North Larchmont Boulevard
6  Los Angeles, California 90004
   Telephone: 323.465.3100
7  Facsimile: 323.465.3177

8  Attorneys for Plaintiff

9

10              UNITED STATES DISTRICT COURT

11          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13 | CV COLLECTION, LLC, a New York
   | limited liability company, d/b/a The        **COMPLAINT FOR COPYRIGHT**
14 | Great Eros;                                  **AND TRADEMARK**
   |                                              **INFRINGEMENT**
15 |         Plaintiff,

16 |    v.                                        **DEMAND FOR JURY TRIAL**

17 | WEWOREWHAT, LLC, a New York
   | limited liability company; ONIA, LLC
18 | D/B/A WWW APPAREL, a New York
   | limited liability company; DANIELLE
19 | BERNSTEIN, an individual; SAKS
   | FIFTH AVENUE, INC., a New York
20 | corporation; BOP, LLC, a Wisconsin
   | limited liability company; CARBON
21 | 38, INC., a Delaware corporation; and
   | DOES 1-10 inclusive.
22
23 |         Defendants.

24      Plaintiff CV Collection, LLC d/b/a The Great Eros ("CV") hereby complains

25 against Defendants Weworewhat LLC ("WWW"), Onia, LLC d/b/a Www Apparel

26 ("Onia"), Danielle Bernstein ("Bernstein"), Saks Fifth Avenue, Inc. ("Saks"), Bop

27 LLC ("Shop Bop"), Carbon 38, Inc. ("Carbon"); and Does 1-10 inclusive as follows.

28

**SUMMARY OF THE CASE**

1. CV Collection, LLC owns and operates The Great Eros, an acclaimed fashion label founded by designer Christina Viviana. Since its inception, CV has wrapped its products in tissue paper bearing a signature design (the "CV Design"). As shown in the images below, the CV Design consists of a pattern of simple, yet sensual illustrations of female figures in various states of repose.

  

2. Defendant Weworewhat LLC is an upstart "fast-fashion" label founded (on information and belief) as a collaboration between blogger and social media "influencer" Defendant Danielle Bernstein and Defendant Onia LLC. Ms. Bernstein (and her label) has a history of copying others' designs and passing them off as her own. In 2018, prior to the launch of the WWW label, Ms. Bernstein was accused of copying the designs of a specialty jewelry line after she visited their studio. While Ms. Bernstein apologized for that misappropriation in a tearful post to her Instagram account, her infringing design practices have continued. Indeed, just this past July, Defendants were called out for selling facemasks that were nearly identical to a patent pending design that Ms. Bernstein had used her status as an "influencer" to obtain for free from an independent designer. Ms. Bernstein, now an owner of the WWW label, denied copying the facemask design, but nevertheless appears to have removed them from the marketplace.

3. Subsequently, Bernstein and WWW entered into a joint venture with Defendant Onia to produce and distribute swimwear and other products that prominently featured the CV Design. Their knock-off proved to be so popular that Bernstein, Onia, and WWW chose to produce and sell other goods bearing the same infringing design—including scarves, yoga mats, and even wallpaper—which were sold by Defendants Saks, Shop Bop and Carbon. Below are a few images of Defendants' goods bearing copies of the CV Design (the "Infringing Goods"):





4. Defendants have arrogantly rebuffed CV's demand that they cease use of its work, implausibly claiming they had not copied the work, that the CV Design reflected no appreciable creativity, and that neither Ms. Bernstein, nor anyone associated with WWW had even heard of The Great Eros, let alone purchased any of their goods. Indeed, Defendants inexplicably stepped up their use of the CV Design *after* receiving Plaintiff's protests.

5. In fact, Ms. Bernstein had visited the showroom of Plaintiff's sales representative prior to producing the Infringing Goods, and inquired about obtaining Plaintiff's products in exchange for promoting The Great Eros through her social media channels. Based on, *inter alia*, her reputation for infringement, Plaintiff declined Ms. Bernstein's offer. Nevertheless, Plaintiff is informed and believes that Ms. Bernstein, WWW, and/or Onia subsequently purchased products from Plaintiff

that were wrapped in CV's trademark tissue paper, bearing the CV Design; and instructed their pattern makers to copy the CV Design for use on the Infringing Goods.

6. Plaintiff brings this straightforward copyright infringement claim for misappropriation of its original graphic expression. Because the CV Design functions as a source-identifier for Plaintiff's goods, Plaintiff also brings trademark claims.

## JURISDICTION AND VENUE

7. Plaintiff brings this action for copyright infringement (17 U.S.C. Section 101 et seq.), unfair competition under the Lanham Act, and related claims.

8. This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 28 U.S.C. Section 1331 ("federal question jurisdiction") and 1338(a)-(b) ("patent, copyright, trademark and unfair competition jurisdiction") in that this action arises under the laws of the United States and, more specifically, Acts of Congress relating to patents, copyrights, trademarks, and unfair competition. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367(a) ("supplemental jurisdiction") in that they are so related to the federal law intellectual property claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

9. Defendants are subject to the personal jurisdiction of the Court because they do or transact business in, have agents in, or are otherwise found in and have purposely availed themselves of the privilege of doing business in California and in this District, and because the alleged misconduct was directed to California and this district. Further, the alleged misconduct was directed to California and this district, and Defendant's marketing activities at issue in this case were expressly aimed at California residents.

10. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1)-(3) because a substantial part of the events or omissions giving rise to the claims occurred in this District in that, *inter alia*, the infringing products were sold here.

## THE PARTIES

11. Plaintiff CV Collection, LLC is and at all times relevant herein was a New York limited liability company.

12. Defendant We Wore What is a New York limited liability company that transacts business in this District, including, *inter alia*, by selling and marketing its products to consumers in this District and throughout California.

13. Defendant Onia, LLC is a New York limited liability company that transacts business in this District, including, *inter alia*, by importing goods to an address in this District; and selling and marketing its products to consumers in this District and throughout California. On information and belief, Defendant Onia, LLC is a co-owner of the brand We Wore What and does business under the fictitious business name Www Apparel.

14. On information and belief, Defendant Danielle Bernstein is a resident of New York. Ms. Bernstein is the co-founder and co-owner of Defendant Weworewhat, LLC.

15. Defendant Saks Fifth Avenue, Inc. is a New York corporation that owns and operates the ecommerce website www.saksfifthavenue.com, as well as brick and mortar department stores. On information and belief, Saks sold the Infringing Goods to consumers in this District through its ecommerce website and at its brick and mortar department stores.

16. Defendant Bop, LLC is a Wisconsin limited liability company that owns and operates the ecommerce website www.shopbop.com. On information and belief, Shop Bop sold the Infringing Goods to consumers in this District through its ecommerce website.

17. Defendant Carbon 38, Inc. is a Delaware corporation with its principal office located in this District. Carbon owns and operates the ecommerce website www.carbon38.com, as well as brick and mortar retail stores. On information and belief, Carbon sold the Infringing Goods to consumers in this District through its ecommerce website and its brick and mortar retail store located in Pacific Palisades, California.

18. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when the same has been ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

19. Each of the Defendants acted as an agent for each of the other Defendants in doing the acts alleged and each Defendant ratified and otherwise adopted the acts and statements performed, made or carried out by the other Defendants so as to make them directly and vicariously liable to the Plaintiff for the conduct complained of herein.

**First Claim For Relief For Copyright Infringement**

**(Against All Defendants)**

20. Plaintiff incorporates by this reference all prior paragraphs as if set forth in full in this cause of action.

21. The CV Design was created in 2017. The CV Design is an original work that may be copyrighted under United States law. Plaintiff applied to the copyright office and received a certificate of registration for the Design, dated October 13, 2020 and identified as United States Copyright Registration Number VA 2-220-984.

22. The work is one of graphic art. It features an arrangement of many individual elements, of a certain narrow range of shapes, subjects, sizes, and orientations. The work is the overall effect and impression of such conformation of elements.

23. Defendants infringed the copyright in the CV Design by copying and reproducing the CV Design on the Infringing Goods, as described above. All of Defendants' acts were performed without the permission, license or consent of Plaintiff; and (on information and belief) willfully, with full knowledge of Plaintiff's rights in and to the CV Design.

24. Defendants continue to infringe Plaintiff's copyright by continuing to produce and sell the Infringing Goods in violation of the copyright, and further have engaged in unfair trade practices and unfair competition in connection with the production and sale of the Infringing Goods, thus causing irreparable damage.

25. As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer substantial damage to Plaintiff's business in the form of diversion of trade, loss of profits, and a diminishment in the value of Plaintiff's goods and reputation; all in amounts that are not yet ascertainable but not less than the jurisdictional minimum of this court. As a result of Defendants' misconduct as alleged herein, Plaintiff's reputation has been irreparably tarnished, diminishing the value of Plaintiff's goods, and decreasing revenue derived from its designs.

26. By reason of their infringement of Plaintiff's copyright as alleged herein, Defendants are liable to Plaintiff for the actual damages incurred by Plaintiff as a result of the infringement, and for any profits of Defendants directly or indirectly attributable to such infringement.

**Second Claim for Relief for Unfair Competition Under Section 43(a) of**
**The Lanham Act (15 U.S.C. § 1125(a))**
**(Against All Defendants)**

27. Plaintiff incorporates by this reference all prior paragraphs as if set forth in full in this cause of action.

28. The CV Design functions in part as Plaintiff's brand identity, and acts as a source identifier in that consumers have come to recognize the CV Design as being associated with and a source identifier and signature of, Plaintiff, and indicating Plaintiff as the source of the associated goods. The goodwill and reputation associated with the CV Design is significant.

29. The CV Design, as an indicator of source, is strong, fanciful, non-functional, distinctive, and inherently distinctive. Through Plaintiff's efforts in marketing, promoting, and selling its products, the CV Design has become distinctive of Plaintiff's brand and products, and has acquired secondary meaning among relevant consumers and the public generally.

30. As alleged above, Defendants' design, marketing, merchandising and promotion of the Infringing Goods improperly incorporates the CV Design, which is likely to cause consumers to mistakenly believe that Defendants and their products are associated with Plaintiff. Defendants use of the CV Design is likely to cause confusion or mistake or deception of purchasers as to the source of Defendants' goods. Defendants' conduct will damage Plaintiff's ability to enjoy, maintain and exploit its hard-won brand-recognition.

31. Although it maintains the highest standards of quality, Plaintiff has no control over the type or quality of the goods produced by Defendants. Goods of low quality or "fast-fashion" appeal, if associated with Plaintiff, could damage its reputation. Further, such loss of goodwill with respect to customers and retailers has caused and will cause decreased revenues and decreased profits for Plaintiff. In addition, Defendants' use of the CV Design diminishes the distinctiveness of

Plaintiff's work and brand, negatively affecting its ability to connote a single source of Plaintiff's products and the CV Design.

32. By reason of Defendants' acts of unfair competition as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, and a dilution in the value of his rights and reputation, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court. As a result of Defendants' misconduct as alleged herein, Plaintiff's reputation has been irreparably tarnished, diminishing the value of Plaintiff's brand, and decreasing revenue derived from its products.

33. By their unauthorized use of the CV Design, Defendants have committed, and continue to commit, violations of, *inter alia*, 15 U.S.C. § 1125(a). Defendants have wrongfully appropriated for themselves business, revenue, and goodwill value that properly belongs to Plaintiff, and that Plaintiff has invested time, money, skill, and energy in developing. Defendants have intentionally traded, and infringed upon Plaintiff's work, and the CV Design.

34. Defendants' acts of unfair competition in violation of 15 U.S.C. § 1125(a) have caused, and will continue to cause, damage and irreparable harm to Plaintiff and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff, and to the goodwill associated with the valuable and well-known CV Design, and Plaintiff's business relationships, unless preliminarily and permanently enjoined and restrained by the Court. Plaintiff has no adequate remedy at law and will suffer irreparable injury if Defendants are allowed to continue their wrongful conduct.

35. In committing these acts of unfair competition, Defendants acted willfully, wantonly, and recklessly; and with conscious disregard for Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

36. Plaintiff is entitled to all remedies available under the Lanham Act,

including, but not limited to, preliminary and permanent injunctions, compensatory damages, treble damages, disgorgement of profits, costs and attorneys' fees.

### Third Claim for Relief for Unfair Business Practices Under California Business and Professions Code §§ 17200 et seq.
### (Against All Defendants)

37. Plaintiff incorporates by this reference all prior paragraphs as if set forth in full in this cause of action.

38. Defendants, by means of the conduct above, have engaged in, and are engaging in, unlawful, unfair, fraudulent and deceptive business practices under California Business and Professions Code §§ 17200 et seq. These acts and practices undertaken by Defendants violate California Business & Professions Code §17200 in that they are—as described above—unfair, fraudulent, and/or unlawful. Specifically, without limiting the generality of the foregoing, such acts and practices constitute violations of the Lanham Act, and are and were fraudulent in that: (a) Defendants seek to deceive consumers regarding the source, quality and origin of Defendants' goods and Defendants' association with Plaintiff; and (b) the general public and trade is likely to be confused regarding the business relationship between Plaintiff and Defendants. Further, without limiting the generality of the foregoing, the harm to Plaintiff and to members of the general public far outweighs the utility of Defendants' practices and, consequently, Defendants' practices constitute an unfair business act or practice within the meaning of Business and Professions Code § 17200.

39. Plaintiff has sustained, and will continue to sustain, serious and irreparable injury to its business and reputation as a direct and proximate result of Defendants' conduct. Unless Defendants are enjoined by this Court, there is a substantial possibility that they will continue to engage in such unlawful, unfair, and deceptive business practices; for which Plaintiff is without an adequate remedy at

law. Accordingly, Plaintiff is entitled to a preliminary injunction and permanent injunction against Defendants and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, and all persons acting in concert with them; prohibiting them from engaging in further unlawful, unfair and/or fraudulent business practices.

40. As a direct result of Defendants' unlawful, unfair, fraudulent, and deceptive business practices, Defendants have received, and continue to receive, income and profits that they would not have earned but for their unlawful, unfair, and deceptive conduct; and Plaintiff is entitled to disgorgement of such funds wrongfully obtained.

41. By reason of Defendants' acts of unfair competition as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to Plaintiff's business in the form of diversion of trade, loss of profits, and a dilution in the value of its rights and reputation, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court.

42. Plaintiff is also entitled under the provisions of Business and Professions Code §17208 to an injunction prohibiting Defendants, and each of them, from engaging in any acts, directly or indirectly, which constitute unlawful, unfair, and deceptive business practices.

43. In committing these acts of unfair competition, Defendants acted willfully, wantonly, and recklessly; and with conscious disregard for Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

44. Defendants' conduct, if allowed to proceed and continue and/or let stand, will cause irreparable damage to Plaintiff's valuable business relationships and consumer relations; and will require Plaintiff to undertake efforts to mitigate damage to such relations, all to Plaintiff's detriment. Further, such mitigation costs will require substantial time, effort, and expenditures by Plaintiff, all to Plaintiff's detriment.

**Fourth Claim for Relief for Unfair Competition Under**

**California Common Law**

**(Against All Defendants)**

45. Plaintiff incorporates by this reference all prior paragraphs as if set forth in full in this cause of action.

46. The above-described conduct of Defendants constitutes unfair competition under the common law of the State of California.

47. As a result of Defendants' actions, Plaintiff has been damaged in an amount to be proven at trial.

**PRAYER**

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. That Plaintiff is awarded all damages, including Defendants' profits and/or statutory damages, and future damages, that Plaintiff has sustained, or will sustain, as a result of the acts complained of herein, subject to proof at trial;

2. That Plaintiff is awarded its costs, attorneys' fees and expenses in this action;

3. That Plaintiff is awarded pre-judgment interest;

4. For an order permanently enjoining Defendants and their employees, agents, servants, attorneys, representatives, successors, and assigns, and any and all persons in active concert or participation with any of them, from engaging in the misconduct referenced herein;

5. That Defendants be ordered to immediately recall and remove any and all infringing products from the marketplace;

6. That Defendants be ordered to file with this Court and serve upon Plaintiff's counsel within thirty (30) days after services of the judgment demanded herein, a written report submitted under oath setting forth in detail the manner in which they have complied with the judgment;

7. That Defendants be adjudged to have engaged in unlawful, unfair and/or fraudulent business practices and unfair competition in violation of California Business and Profession Code §§ 17200 et seq.;

8. For disgorgement of all proceeds, and restitution of the monies wrongfully received by Defendants as the result of their wrongful conduct;

9. For punitive damages in an amount sufficient to deter Defendants, and each of them, from their wrongful conduct; and

10. For further relief, as the Court may deem appropriate.

DATED: November 10, 2020       GLUCK LAW FIRM P.C.

By:    /s/
Jeffrey S. Gluck
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on its claims on all issues triable by a jury.

DATED: November 10, 2020          GLUCK LAW FIRM P.C.

                                  By:    /s/
                                  Jeffrey S. Gluck
                                  Attorneys for Plaintiff