**GLUCK LAW FIRM P.C.**
Jeffrey S. Gluck (SBN 304555)
2125 S. Beverly Drive
Los Angeles, California 90034
Telephone: 310.776.7413

**ERIKSON LAW GROUP**
David Alden Erikson (SBN 189838)
Antoinette Waller (SBN 152895)
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CV COLLECTION, LLC, a New York limited liability company, d/b/a The Great Eros;<br><br>Plaintiff,<br><br>v.<br><br>WEWOREWHAT, LLC, a New York limited liability company; ONIA, LLC D/B/A WWW APPAREL, a New York limited liability company; DANIELLE BERNSTEIN, an individual; SAKS FIFTH AVENUE, INC., a New York corporation; BOP, LLC, a Wisconsin limited liability company; CARBON 38, INC., a Delaware corporation; and DOES 1-10 inclusive.<br><br>Defendants. | 2:20-cv-10290-RGK-AS<br><br>Judge: Hon. R. Gary Klausner<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS WEWOREWHAT, LLC, ONIA, LLC, AND DANIELLE BERNSTEIN'S MOTION TO DISMISS, STAY, OR TRANSFER**<br><br>**DATE: MARCH 1, 2021**<br><br>**TIME: 9:00A**<br><br>**COURTROOM: 850** |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. RELEVANT FACTUAL BACKGROUND .................................................... 3

III. VENUE IS PROPER IN THE CENTRAL DISTRICT ............................. 4

    A. Legal Standard ........................................................................................ 4

    B. The Bernstein Defendants Are Found in this District and Thus Venue is Proper Here ............................................................................ 4

    C. The Discretionary "First to File" Rule Does Not Compel Dismissal ................................................................................................ 6

        1. The "First to File" Rule virtually never justifies dismissal, but rather only transfer. .............................................................. 6

        2. The "First to File" Rule would not even compel transfer in this instance. ............................................................................ 8

IV. PLAINTIFF AGREES TO TRANSFER THIS ACTION TO NEW YORK TO BE CONSOLIDATED WITH THE NY DJ ACTION .......... 10

# TABLE OF AUTHORITIES

**Cases**

*Allstar Mktg. Grp., Ltd. Liab. Co. v. Your Store Online, Ltd. Liab. Co.*, 666 F. Supp. 2d 1109 (C.D. Cal. 2009) .......................................................................... 4, 6

*Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622 (9th Cir. 1991) ..................... 7, 8

*Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810 (N.D. Cal. 2008) .................... 4

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010) ........ 4

*Chavez v. Dole Food Co., Inc.,* 836 F.3d 205, 216–217 (3d Cir. 2016) ..................... 8

*Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356 (Fed. Cir. 2020) .......... 9

*Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474 (3d Cir. 1942) ........ 8

*Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001) .................................................. 6

*Factors, Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215 (2d Cir. 1978) ............................. 8

*Federal Ins. Co. v. May Dep't Stores Co.*, 808 F. Supp. 347 (S.D.N.Y. 1992) .......... 9

*Guthy-Renker Fitness, LLC, v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264 (C.D. Cal. 1998) .................................................................................................. 7

*Int'l Growers Supply v. Atlantis Hydroponics, Inc.*, No. CV 12-03274, 2012 U.S. Dist. LEXIS 200541 (C.D. Cal. Aug. 8, 2012) ................................................ 7

*Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 96 L. Ed. 200, 72 S. Ct. 219 (1952) ............................................................................................ 8

*Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421 (2d Cir. 1965) ................................ 8

*Micron Tech., Inc. v. MOSAID Techs., Inc.*, 518 F.3d 897 (Fed. Cir. 2008) .............. 9

*Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir. 1983) .............. 8

*Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93 (9th Cir. 1982) .............. 6, 9

*Palmer v. Braun*, 376 F.3d 1254 (11th Cir. 2004) ...................................................... 5

*PokitDok, Inc. v. Martin*, No. C 12-3947 SI, 2012 U.S. Dist. LEXIS 160001 (N.D. Cal. Nov. 6, 2012) ........................................................................................ 4

*Wong v. Hard Drive Prods.*, No. 12-CV-469-YGR, 2012 U.S. Dist. LEXIS 52551 (N.D. Cal. Apr. 13, 2012) ................................................................................. 5, 6

**Statutes**

28 U.S.C. §1400(a) ..................................................................................................... 4

28 USC Section 1404(a) ............................................................................................. 7

**Rules**

Federal Rule of Evidence 201 .................................................................................... 3

Plaintiff CV Collection, LLC d/b/a The Great Eros ("Plaintiff") hereby responds to the motion to dismiss, stay, or transfer filed by defendants Weworewhat LLC ("WWW"), Onia, LLC ("Onia"), and Danielle Bernstein ("Bernstein" and, collectively with WWW and Onia, the "Bernstein Defendants"). Defendants Saks Fifth Avenue, Inc. ("Saks"), Bop LLC ("Bop"), and Carbon 38, Inc. ("Carbon") are not parties to the motion.[1]

## I.   INTRODUCTION

Plaintiff brought this infringement action in California after two of the six defendants preemptively sued for declaratory judgment in the Southern District of New York. Plaintiff sued in this District because venue is proper here and the Court has jurisdiction over all the defendants here. While the two defendants that filed in New York—Onia and WWW—beat Plaintiff to the courthouse, their declaratory judgment complaint does not meet the requirements for "first to file" priority as the action was anticipatory and filed in bad faith. Specifically, Onia and WWW filed the New York action after receiving a draft copy of the California complaint, and after their counsel induced Plaintiff to hold off filing while they "circled back" with their clients. In addition, while the subject of the two actions is similar, copying and misappropriation of Plaintiff's design, four of the named defendants here (Bernstein, Saks, Bop, and Carbon) are not parties to the New York action.

Plaintiff contends that venue is proper in this District and that there is no compelling need to transfer. To advance judicial economy and resolve this issue, however, Plaintiff has *offered to stipulate to transfer the action to New York*. Further, the judge in the New York case, the Hon. Paul A. Englemayer, has been informed of Plaintiff's agreement to proceed in New York, and has set a case schedule that contemplates litigation of all claims there. The Bernstein Defendants

---

[1] "Defendants" refers collectively to all six named defendants.

have bizarrely refused Plaintiff's offer and insisted on proceeding with this motion. Rather than accept the relief presented—which equals the most that the Bernstein Defendants could hope to achieve if their motion is granted—the Bernstein Defendants insist that the matter be resolved by the Court.

More specifically, the Bernstein Defendants argue for "dismissal, stay, or transfer" on two grounds. First, they move to dismiss under Rule 12(b)(3) on the ground that venue is improper because Plaintiff "cannot make even a prima facie showing that venue is proper in the Central District of California." (ECF No. 22 ("Motion") at 8:20-21). But as established in Section III (B), this challenge fails because in a copyright action, venue is proper wherever there is jurisdiction. The Bernstein Defendants direct their selling and marketing activities to California, and accordingly did not even bother to challenge personal jurisdiction—and are thus subject to suit here.

Second, the Bernstein Defendants argue that "the First-to-File Rule Compels Dismissal, Stay, or Transfer of this Action in Favor of the First-Filed Action." (Motion, at 9:1-2). But that assertion reflects a fundamental misunderstanding of applicable law. As established in Section III (C), a successful first-to-file challenge *could only justify transfer—not dismissal*. This is so because the relevant statutory language says so, because the two actions do not involve the identical parties or claims, and because several defendants named in the action pending here are not named in or parties to the declaratory judgment action brought by Onia and WWW in New York.

Under the circumstances, Plaintiff asks that the Court transfer the case to New York for consolidation with the pending declaratory judgment action brought by Onia and WWW.

## II. RELEVANT FACTUAL BACKGROUND

As alleged in Plaintiff's complaint, Defendants copied and misappropriated Plaintiff's signature design, the CV Design. (Complaint, ECF No. 1 ("ECF 1"), ¶¶ 1, 3).[2] The CV Design was created in 2017 and the copyright was registered in October 2020. (ECF 1, ¶ 21).

When Plaintiff discovered Defendants' infringement of Plaintiff's CV Design, Plaintiff demanded that Defendants cease and desist use of Plaintiff's work. (ECF 1, ¶ 4). Defendants rebuffed Plaintiff's demand and continued using the CV Design. (ECF 1, ¶ 4). While Plaintiff and the Bernstein Defendants were negotiating a resolution of Plaintiff's claims, WWW and Onia filed a declaratory judgment action in the Southern District of New York, styled as Case No. 1:20-cv-8623-PAE (the "NY DJ Action") which is pending before United States District Judge Paul A. Engelmayer.[3] The NY DJ Action seeks declaratory judgment that WWW and Onia are not infringing Plaintiff's work. The NY DJ Action names only WWW and Onia as plaintiffs. Bernstein, Saks, Bop, and Carbon are not parties to the NY DJ Action. (*See*, NY DJ Complaint).

Plaintiff filed this action on November 10, 2020. (ECF 1). Plaintiff pursues claims for copyright infringement, unfair competition under the Lanham Act, Unfair Business Practices under California Business and Professions Code Section 17200 et

---

[2] Plaintiff describes its CV Design as "a pattern of simple, yet sensual illustrations of female figures in various states of repose" and provides images of the CV Design in the Complaint. (ECF 1, at ¶ 1).

[3] The Bernstein Defendants attach a copy of the NY DJ Action Complaint ("NY DJ Complaint") as Exhibit A to the Declaration of Christina N. Goodrich in support of the motion. The Court may take judicial notice of the existence of the NY DJ Action Complaint under Federal Rule of Evidence 201.

3   OPPOSITION TO MOTION TO DISMISS, STAY, OR TRANSFER

seq. and unfair business practices under California common law. (ECF 1). Plaintiff alleges its claims against six named defendants: the Bernstein Defendants, Saks, Bop, and Carbon. (ECF 1).[4]

## III. VENUE IS PROPER IN THE CENTRAL DISTRICT

### A. Legal Standard

Under 28 U.S.C. §1400(a) which governs venue in copyright actions, "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . .may be instituted in the district in which the defendant or his agent resides or may be found." The Ninth Circuit "interprets this provision to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction." *PokitDok, Inc. v. Martin*, No. C 12-3947 SI, 2012 U.S. Dist. LEXIS 160001, at *5-6 (N.D. Cal. Nov. 6, 2012), quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010). Thus, if defendants are subject to personal jurisdiction in the district, venue lies there as to copyright claims. *Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810, 815-16 (N.D. Cal. 2008); *Allstar Mktg. Grp., Ltd. Liab. Co. v. Your Store Online, Ltd. Liab. Co.*, 666 F. Supp. 2d 1109, 1127 (C.D. Cal. 2009).

### B. The Bernstein Defendants Are Found in this District and Thus Venue is Proper Here

Plaintiff alleges that the Defendants are found in this District as they transact

---

[4] Defendants Saks and Carbon are represented by the same counsel as the Bernstein Defendants. Following a requested extension of time to respond, Saks and Carbon's answers to the Complaint are due March 1, 2021. (*See* ECF No. 27). Bop also received an extension to respond; Bop's answer to the Complaint is due March 11, 2021. (*See* ECF No. 28).

4     OPPOSITION TO MOTION TO DISMISS, STAY, OR TRANSFER

business here, including importing, advertising, marketing, and selling the infringing products throughout California and in this District. (ECF 1, at ¶¶ 9-10, 12-17). *The Bernstein Defendants do not contest jurisdiction or challenge these allegations.* Thus, Plaintiff's allegations sufficiently establish venue in this District. *Wong v. Hard Drive Prods.*, No. 12-CV-469-YGR, 2012 U.S. Dist. LEXIS 52551, at *15 and n.47 (N.D. Cal. Apr. 13, 2012), citing *Palmer v. Braun*, 376 F.3d 1254, 1256 (11th Cir. 2004) (a copyright infringement defendant's improper venue challenge fails unless it establishes facts contesting personal jurisdiction).

The Bernstein Defendants' only basis for their improper venue argument is their attorney's assertion that the Bernstein Defendants were physically in New York, not California, when they copied Plaintiff's designs. (Motion at 7:17-8:10). This argument is insufficient to challenge venue. First, the Bernstein Defendants present no competent evidence to establish where the copying occurred. They do not submit declarations from the parties or evidence to support their assertions. Rather, they offer only an attorney declarant who proclaims, without foundation, that the Bernstein Defendants create their designs at offices in New York and thus any copying that occurred must have taken place in New York. (Motion at 8:6-10, citing attorney Goodrich declaration at ¶¶ 7-10).[5] Ms. Goodrich's assertions are insufficient to establish where the Bernstein Defendants' copying occurred.

More importantly, the Defendants' location at the time they copied Plaintiff's work is immaterial. As noted, Plaintiff has alleged that Defendants routinely market and sell their infringing goods in California. The Bernstein Defendants do not challenge or dispute these allegations. Regarding personal jurisdiction, the Ninth

---

[5] Plaintiff objects to and requests the Court disregard Ms. Goodrich's assertions at ¶¶ 7-10 of her declaration as the statements lack foundation and are based on hearsay.

Circuit has instructed that allegations in the complaint are to be taken as true unless controverted. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). As courts in this District have held, "[g]iven the close relationship between personal jurisdiction and venue, it makes sense to apply a similar approach under Rules 12(b)(2) and (b)(3)." *Allstar Mktg. Grp., Ltd. Liab. Co. v. Your Store Online, Ltd. Liab. Co.*, 666 F. Supp. 2d at 1129 n.47.

Having appeared in this action by filing their motion to dismiss and having failed to dispute personal jurisdiction in California or provide evidence to contradict Plaintiff's allegation that a substantial part of the events giving rise to the claims occurred in California in that the Defendants transact business in California and import, advertise, market, and sell infringing products in California, the Bernstein Defendants have consented to personal jurisdiction in California and are "found" in the District for venue purposes. *Wong v. Hard Drive Prods.*, No. 12-CV-469-YGR, 2012 U.S. Dist. LEXIS 52551, at *15.

The Bernstein Defendants' FRCP 12(b)(3) motion fails as venue is proper in the Central District.

**C. The Discretionary "First to File" Rule Does Not Compel Dismissal**

    **1.    The "First to File" Rule virtually never justifies dismissal, but rather only transfer.**

The Bernstein Defendants conflate the first-to-file rule with improper venue. The first-to-file rule is a policy of federal comity developed by the courts to promote judicial efficiency. Under the first-to-file rule a district court may decline jurisdiction over a matter "when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). It is an abuse of discretion however for a court to invoke the first-to-file rule if the issues or parties involved in the two suits are not

the same. *Pacesetter*, 678 F.2d at 96.

    The Bernstein Defendants simply assert that the court should dismiss, stay, or transfer the case pursuant to the first-to-file rule—without explaining the mechanism under which a dismissal or transfer would take place. But a review of case law—including the cases cited by the Bernstein Defendants—shows that the first-to-file rule is implemented under 28 USC Section 1404(a), which governs convenience transfers. *But by its plain language, that statute contemplates only transfer of a second-filed action—not dismissal.* 28 USC Section 1404(a); *Int'l Growers Supply v. Atlantis Hydroponics, Inc.*, No. CV 12-03274 SJO (JEMx), 2012 U.S. Dist. LEXIS 200541, at *4 (C.D. Cal. Aug. 8, 2012) ("When two lawsuits involving the same parties and issues are brought in two separate forums, a district court may exercise its discretion under § 1404(a) and transfer one of the actions."). *Guthy-Renker Fitness, LLC, v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D. Cal. 1998) ("When two actions involving similar parties and issues are commenced in separate forums, a court may exercise its discretion under § 1404(a) to transfer one of the actions).[6]

    The Bernstein Defendants cite *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) for the proposition that "dismissal, transfer, or stay" could be proper relief under the first-to-file rule. But even as it appeared to countenance the possibility of dismissal, the *Alltrade* court reversed the trial court's dismissal under the first-to-file rule, in favor of a stay. *Id.; see also Chavez v. Dole Food Co.,*

---

[6] Oddly, the Bernstein Defendants expressly seek transfer under Section 1404(a) elsewhere in their motion—but suggest that this ground for transfer is distinct from their argument under the first-to-file rule. Plaintiff does not specifically address the Bernstein Defendants' Section 1404(a) argument because it agrees that the case be transferred.

*Inc.,* 836 F.3d 205, 216–217, 220–221 (3d Cir. 2016) ("We therefore conclude that, in the vast majority of cases, a court exercising its discretion under the first-filed rule should stay or transfer a second-filed suit. Even a dismissal without prejudice may create unanticipated problems. A dismissal with prejudice will almost always be an abuse of discretion.").

### 2. The "First to File" Rule would not even compel transfer in this instance.

The most important aspect of the first-to-file rule is that it is wholly discretionary; district court judges are free to dispense with the first-filed principle for reasons of equity. *Alltrade, Inc.*, 946 F.2d at 628. There are multiple exceptions to the first-to-file rule as "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems." *Alltrade, Inc.*, 946 F.2d at 627-28, citing, *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 96 L. Ed. 200, 72 S. Ct. 219 (1952).

Circumstances under which courts make exceptions to the first-to-file rule are varied and comprehensive. They include bad faith, *see Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474, 476 (3d Cir.), *cert. denied*, 317 U.S. 681, 87 L. Ed. 546, 63 S. Ct. 202, 55 U.S.P.Q. (BNA) 494 (1942); anticipatory suit, and forum shopping, *see Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983) ("Anticipatory suits are disfavored because they are aspects of forum-shopping"); *Factors, Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 217, 219 (2d Cir. 1978), *cert. denied*, 440 U.S. 908, 59 L. Ed. 2d 455, 99 S. Ct. 1215 (1979); *Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421, 424 n.4 (2d Cir.), *cert. dismissed*, 384 U.S. 948, 16 L. Ed. 2d 546, 86 S. Ct. 1475, 149 U.S.P.Q. (BNA) 906 (1965).

In addition, a lack of symmetry between the actions is a factor weighing against application of the first-to-file rule. Here, as the Bernstein Defendants acknowledge, the parties and the claims in the two suits are not true mirror images. For one thing, Plaintiff does not merely seek a declaration of infringement in this action—but also seeks damages. Further, The NY DJ Action is brought by Onia and WWW only and seeks a declaration of rights. No affirmative claims are alleged. (Exhibit A to Goodrich Decl., NY DJ Complaint). Bernstein, Saks, Bop, and Carbon, all named as defendants here, are not parties to the NY DJ Action. (Compare ECF 1; NY DJ Complaint). Plaintiff brings multiple claims for relief here against the Defendants including copyright infringement, unfair competition, and state and common law unfair business practices claims. (ECF 1).

In the declaratory judgement context, the first-to-file rule is even less persuasive than in other actions. For example, the fact that a federal declaratory judgment action is filed shortly before the parallel coercive action may be reason alone to give precedence to the second filed lawsuit. *Federal Ins. Co. v. May Dep't Stores Co.*, 808 F. Supp. 347, 350 (S.D.N.Y. 1992) (if declaratory judgment action filed in anticipation of coercive suit to gain "home field advantage," coercive suit is given precedence); *see Micron Tech., Inc. v. MOSAID Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008); *Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1361–1365 (Fed. Cir. 2020) (district court did not abuse its discretion in declining to exercise jurisdiction over action for declaration of patent rights in view of later-filed infringement suit, based on its findings that action for declaratory relief was filed in anticipation of infringement complaint, action interfered with parties' ongoing negotiations and thus did not serve objectives of Declaratory Judgment Act).

In any case, given that the NY DJ Action involves only some of the same parties and given that the claims in the two actions are not identical, it would be a misapplication of law for the Court to dismiss this case based on the first-to-file rule. *Pacesetter* 678 F.2d at 96.

## IV. PLAINTIFF AGREES TO TRANSFER THIS ACTION TO NEW YORK TO BE CONSOLIDATED WITH THE NY DJ ACTION

As demonstrated above, as the Bernstein Defendants are "found" in this District, venue is proper here, and the case may proceed here. All defendants are subject to jurisdiction in this forum and there is no reason compelling transfer to New York. Plaintiff recognizes however that jurisdiction is also proper in New York. The parties to the NY DJ Action have advised the New York Court (Judge Paul A. Engelmayer) of the pendency of this action and have discussed the possibility of the actions being consolidated and tried together in New York. (Declaration of David Erikson ("Erikson Decl.") at ¶ 4.)

Rather than waste judicial resources in continuing to dispute the locale for this action, Plaintiff offered to stipulate to transfer this action to New York and consolidate the NY DJ Action and this action. (Erikson Decl. at ¶ 5.) Despite requesting that very relief, the Bernstein Defendants have inexplicably refused Plaintiff's offer to transfer the action to New York. (Erikson Decl., at ¶ 5).

Under the circumstances, Plaintiff requests that the Court transfer the case to New York to be consolidated with the NY DJ Action.

DATED: February 8, 2021     ERIKSON LAW GROUP

By:  /s/
David Erikson
Attorney for Plaintiff